THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERASONICS, INC., a Washington corporation,<br><br>     Plaintiff,<br>  v.<br><br>ALPINION MEDICAL SYSTEMS CO., LTD, a Korean corporation,<br><br>     Defendant. | CASE NO. C14-1820-JCC<br><br>ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD |

  This matter comes before the Court on Plaintiff Verasonics, Inc.'s unopposed motion to confirm arbitration (Dkt. No. 32). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

  In June 2016, arbitrator John Fellas heard Verasonics' claims against Defendant Alpinion Medical Systems for (1) breach of non-disclosure agreements (NDAs), (2) breach of a "Lease and Non-Exclusive License Agreement," and (3) violation of the Washington Uniform Trade Secrets Act. (Dkt. No. 32 at 2–3.) On March 2, 2017, Mr. Fellas determined that Alpinion violated the NDAs and lease agreements, granted injunctive relief in Verasonics' favor and awarded it monetary damages of $2,914,000.00, and denied or dismissed all remaining claims except that for attorney fees. (*Id.* at 2.)

Under the Federal Arbitration Act (FAA), if a party to an arbitration asks the appropriate U.S. District Court "for an order confirming the [arbitration] award, . . . the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The Court's review of an arbitration award is narrow: sections 10 and 11 of the FAA permit a federal court to

> correct a technical error, [] strike all or a portion of an award pertaining to an issue not at all subject to arbitration, [or] vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law.

*Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997–98 (9th Cir. 2003).

None of the conditions permitting vacation, modification, or correction of the award are present here. There is no evidence of technical errors, issues beyond the scope of arbitration, affirmative misconduct, or an arbitral process or result that is irrational or disregards the law. Alpinion does not oppose this motion and thus raises no argument to the contrary. The Court confirms the award under the FAA.

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York Convention) governs confirmation of foreign arbitral awards. June 10, 1958, 21 U.S.T. 2517. The Court "shall confirm the [arbitration] award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Under the New York Convention, seven grounds exist for refusal or deferral of enforcement. New York Convention art. V. "These defenses are construed narrowly, and the party opposing recognition or enforcement bears the burden of establishing that a defense applies." *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1090, 1096 (9th Cir. 2011). Alpinion did not oppose the motion and thus does not show that a defense applies. The Court confirms the award under the New York Convention.

1    In sum, the motion to confirm the arbitration award (Dkt. No. 32) is GRANTED. The
2 Clerk is DIRECTED to enter judgment in favor of Verasonics and against Alpinion in
3 accordance with the terms of the arbitration award.
4    DATED this 19th day of May, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO CONFIRM
ARBITRATION AWARD
PAGE - 3